IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT H. TAYLOR,

        Petitioner,

v.                                    Civil Action No. 5:15CV136
                                                        (STAMP)
TERRY O'BRIEN, Warden,

        Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **ADOPTING AND AFFIRMING MAGISTRATE**
                    **JUDGE'S REPORT AND RECOMMENDATION,**
              **GRANTING RESPONDENT'S MOTION TO DISMISS OR,**
                 **ALTERNATIVELY, FOR SUMMARY JUDGMENT,**
                        **DENYING § 2241 PETITION AND**
             **OVERRULING PETITIONER'S MOTION CONSTRUED AS OBJECTIONS**

    The petitioner, Robert H. Taylor ("Taylor"), filed this pro se[1] petition under 28 U.S.C. § 2241 alleging that the Federal Bureau of Prisons ("BOP") has unlawfully denied him credit for time served in state prison. This matter was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Civil Procedure 72.01. The respondent filed a motion to dismiss the petition or, alternatively, for summary judgment. The magistrate judge entered a report recommending that the respondent's motion to dismiss be granted and that Taylor's petition be denied. Taylor previously filed a motion to stay these proceedings, which this Court denied, containing statements that this Court construes as

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the § 2255 motion, and overrules Taylor's objections.

I. Background

Taylor was convicted of using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and aiding and abetting the possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. On October 8, 2003, the United States District Court for the Eastern District of North Carolina sentenced Taylor to a term of life imprisonment as to his § 922(g) conviction, and to 120 months of imprisonment as to his § 924(c) conviction, to be served consecutively to his life sentence.

Prior to Taylor's sentencing, he was arrested by state officials in North Carolina on March 27, 2007 regarding separate state charges. ECF No. 12-3 at 16. Taylor was indicted for his federal charges of conviction on November 8, 2007. Id. Taylor was released to the United States Marshals Service on several occasions on writs of habeas corpus ad prosequendum. He was in the custody of the Marshals Service from: (1) January 18, 2008 to January 31, 2008; (2) April 17, 2008 to April 25, 2008; and (3) September 10, 2008 to October 11, 2008. ECF No. 12-2 at 3. Taylor entered into a plea agreement regarding the state charges that included as a

term that Taylor's state sentence would run concurrently with his federal sentence. ECF No. 12-3 at 17. Then, on February 16, 2009, Taylor was sentenced by a North Carolina state court. Id. The state court sentenced him to 282 to 348 months of imprisonment to run concurrently with his federal sentence. Id. After realizing that Taylor's state sentence could not be made to run concurrently with his federal sentence until Taylor was released to federal custody and began serving his federal sentence, the state court vacated Taylor's sentence on December 8, 2011. Id. at 17-18. Taylor was released to federal custody on December 9, 2011, and he began serving his federal sentence. ECF No. 12-2 at 3. Then, on May 11, 2012, the state court resentenced Taylor to 282 to 348 months of imprisonment to run concurrently with his federal sentence and with credit for 1,718 days spent in custody prior to his release to federal custody. ECF No. 12-3 at 26-28.

The BOP began calculating Taylor's time served from December 9, 2011, and did not include any credit for prior custody because Taylor had not yet been resentenced by the state court. ECF No. 12-2 at 3-4. After the state court resentenced Taylor, the BOP awarded Taylor credit for the 693 days of prior custody from March 26, 2007 through February 15, 2009, the day before his initial state sentencing. Id. at 3-4. Taylor then requested that the BOP provide credit for his time in state custody between his initial state sentencing and when his initial state sentence was vacated.

3

Id. at 4.  The BOP construed the request as a request for a nunc pro tunc designation of a state prison facility for service of his federal sentence, and denied his request.  Id.

Taylor filed this § 2241 petition alleging that the BOP unlawfully denied him credit for time served in state custody, that the BOP abused its discretion in rejecting his request for a nunc pro tunc designation, and that his federal sentence should have begun to run from the date of the federal judgment and commitment order.  Magistrate Judge Aloi issued a report recommending that this Court grant the respondent's motion to dismiss or, alternatively, for summary judgment, and deny Taylor's § 2241 petition.

On August 19, 2016, Taylor filed a motion requesting a stay of these proceedings pending a determination on a motion he filed with the federal sentencing court under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015).  ECF No. 23.  This Court denied that motion, but granted a thirty-day extension for Taylor to file objections to the report and recommendation.  ECF No. 24.  On September 21, 2016, Taylor filed what is styled as "Objection to the Magistrate's July 26, 2016, Report & Recommendation."  ECF No. 26.  However, the body of the document states Taylor's objection to this Court's denial of his motion for a stay.  This Court notes that its ruling on Taylor's motion for a stay is an interlocutory order that is not directly appealable, and

4

this Court declines to permit an appeal of that determination prior to entry of a final judgment. See 28 U.S.C. § 1292(a), (b). Further, to the extent that Taylor attempts to state objections to the report and recommendation, his objections are untimely and do not state substantive objections to the report and recommendation.

However, in Taylor's motion for a stay, Taylor states that he "disagrees" with the magistrate judge's conclusions. Specifically, Taylor states that his state sentence was ordered to run concurrently with his federal sentence pursuant to a binding plea agreement and that the state sentence provided that Taylor would begin serving his sentence immediately in federal custody. Taylor also states that he agrees with the magistrate judge's conclusion that additional credit for time served would not have an effect on his release date, unless his § 2255 motion under Johnson is granted. This Court construes Taylor's statements as objections to the report and recommendation.

## II. Applicable Law

Because this Court concludes that the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Further, the

5

magistrate judge relied upon the materials attached to the respondent's motion to dismiss, converting it into a motion for summary judgment. See Fed. R. Civ. P. 12(d).

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945

F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

### III. Discussion

This Court finds that no genuine issue of material fact exists and that the respondent is entitled to judgment as a matter of law. First, Taylor argues that the BOP should have begun to calculate Taylor's time served from the date of his federal sentencing rather than the date on which he was delivered to federal custody. However, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, "[a] federal

7

sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

Taylor was originally in state custody. He was loaned to federal authorities under a writ of habeas corpus ad prosequendum for all federal hearings, including his sentencing. Taylor was then returned to state custody. Taylor's state sentence was vacated on December 8, 2011, and Taylor was delivered to federal custody on December 9, 2011, terminating the state's custody over Taylor. Thus, under 18 U.S.C. § 3585(a), Taylor could not begin service of his federal sentence until December 9, 2011, when his initial state sentence had been vacated and he was "received in custody . . . . [at] the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Second, Taylor argues that the BOP unlawfully denied him credit for time served in state custody. Section 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that <u>has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).

The BOP awarded Taylor 693 days of credit for time served in state custody from the date of his arrest on March 26, 2007 to the date of his initial state sentencing on February 15, 2009. ECF No. 12-2 at 3. Thus, Taylor was not credited for time spent in state custody from February 16, 2009 to December 8, 2011 when his state sentence was vacated. However, Taylor received credit towards his state sentence for that time period. When the state court resentenced Taylor on May 11, 2012, the state court awarded him credit for the 1,718 days served from his initial arrest to the date his initial state sentence was vacated. ECF No. 12-3 at 26-28. Thus, under 18 U.S.C. § 3585(b), Taylor may not receive credit towards his federal sentence for the period from his initial state sentencing through the date his initial state sentence was vacated.

Third, Taylor argues that the BOP abused its discretion in denying his request for a <u>nunc pro tunc</u> designation of a state prison facility for service of his federal sentence. In determining the place of a prisoner's imprisonment, the BOP must determine whether a facility is

appropriate and suitable, considering--

(1)  the resources of the facility contemplated;

(2)  the nature and circumstances of the offense;

(3)  the history and characteristics of the prisoner;

(4)  any statement by the [sentencing] court that imposed the sentence--

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3621(b). Where a prisoner is serving a federal sentence and also has an outstanding state sentence, the BOP may retroactively designate a state facility for service, in effect making the federal sentence run concurrently with the outstanding state sentence. See Barden v. Keohane, 921 F.2d 476, 477-78 (3d Cir. 1990). The BOP has broad discretion in determining whether to grant or deny a prisoner's nunc pro tunc designation request, and courts review those determinations for abuse of discretion. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998).

Taylor filed a request with the BOP seeking credit for time served in state custody between his initial state sentence and the date his initial state sentence was vacated. The BOP noted that this period of time could not be credited toward Taylor's federal sentence under 18 U.S.C. § 3585(b), and interpreted Taylor's

request as a request for a nunc pro tunc designation of a state facility for service of his federal sentence. ECF No. 12-3 at 30-31. The BOP issued a letter to Taylor denying his request and setting forth its analysis of the § 3621(b) factors. Id. The BOP determined that such a designation was not appropriate and suitable because no factor weighed in favor of granting Taylor's requests and because the federal judgment and commitment order did not provide that Taylor's federal sentence would run concurrently with his, at that time, yet to be reimposed state sentence. Id. Additionally, the BOP contacted the sentencing court requesting an opinion regarding a retroactive designation, and the BOP did not receive a response. Id. This Court finds no error in the BOP's analysis of the § 3621(b) factors. The BOP did not abuse its discretion in denying Taylor's request.

## IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 18) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion to dismiss or, alternatively, for summary judgment (ECF No. 12) is GRANTED, the petition (ECF No. 1) is DISMISSED WITH PREJUDICE, and the petitioner's motion to stay construed as objections to the report and recommendation (ECF No. 23) are OVERRULED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 22, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE